In the Matter of the Application for Letters of Administration with the Will Annexed of HENRY A. SHELDON, Deceased.

ISABEL D. BURR, Appellant; MARIE S. WIGGINS, Respondent.

Third Department, March 28, 1907.

Executors and administrators — proceeding to appoint administrator with will annexed — unauthorized amendment.

A petition for the appointment of an administrator with the will annexed was made upon the ground that one executor had died and the other had been removed. The petition did not show what relationship the person nominated bore to the estate of the deceased or that there was no other person entitled to letters as of prior right who were cited or had renounced. No action having been taken on the objections filed, the petitioner, without permission of court or further citation, filed another petition asking the appointment of an administrator with the will annexed.

*Held*, that the second petition was not an amendment of the original petition and had no place in the proceeding;

That the appointment of the person nominated was unauthorized, either on the first petition which did not show him entitled to letters, or under the second unauthorized petition.

APPEAL by Isabel D. Burr from a decree of the Surrogate's Court of the county of Broome, entered in said Surrogate's Court on the 18th day of October, 1906, appointing Theodore R. Tuthill administrator with the will annexed of the estate of Henry A. Sheldon, deceased.

*Taylor L. Arms*, for the appellant.

*Moses Weill*, for the respondent.

COCHRANE, J.:

On June 25, 1906, the respondent, Marie S. Wiggins, filed in the surrogate's office of Broome county a petition having for its object the appointment of an administrator with the will annexed of Henry A. Sheldon, deceased. In such petition she described herself as one of the legatees and next of kin of said deceased. It was therein alleged that letters testamentary had been previously issued to George M. Burr and Scebelia H. Sheldon, the surviving executors named in said will; that one of said executors had died and that the letters testamentary issued to the other had been revoked; that the only next of kin of the decedent were the petitioner and Isabel D. Burr, a daughter.

On this petition a citation was issued to said Isabel D. Burr, returnable July 30, 1906. On the return of the citation Isabel D. Burr appeared specially for the purpose of objecting to the sufficiency of the petition and to the jurisdiction of the surrogate to appoint an administrator with the will annexed. No action at that time seems to have been taken in reference to the appellant's objections.

The next step seems to have been on October 12, 1906, when another petition was filed by the petitioner, in which she again asked for the appointment of an administrator with the will annexed. This latter petition is referred to as an amended petition. No order, however, appears to have been made permitting an amendment of the original petition, nor does the latter petition refer to the original petition or purport to be anything except a complete petition independent of anything which had occurred prior to the time when it was filed. It demands, among other things, that all persons required to be cited by the Code of Civil Procedure may be cited to show cause why a decree should not be made granting letters of administration with the will annexed. No citation was issued on this latter petition nor does it appear that the appellant had any notice thereof. It is clear that this latter petition improperly described as an amended petition has no proper place in the proceeding and must be disregarded.

The decree appealed from cannot be sustained by reference to the first petition. It nowhere appears what relationship Theodore R. Tuthill, the person appointed administrator with the will annexed, sustains to the estate of the deceased. If he is a stranger to the

estate, he could not be appointed without the citation or renunciation of all the legatees, next of kin, heirs, devisees and creditors. (Code Civ. Proc. §§ 2643, 2644.) The original petition should have made it appear that there was no person entitled to letters of administration prior in right to the person appointed unless such person prior in right was cited or had renounced such right. This the petition failed to do. This point was duly taken by the preliminary objections filed by the appellant and such objections should have been sustained. It does not appear that the surrogate at the time took any action on such objections. The decree recites that they were overruled; but the natural inference is from the language of the decree, and it is so expressly stated by respondent, that they were overruled after the second petition was filed, probably for the reason that it was thought that the second petition cured the defects of the first petition. As we have seen, the appellant was not in court in answer to the second petition, and as the first petition was insufficient to authorize the surrogate to make the decree appealed from, such decree must be reversed, with costs, and the proceeding dismissed, with costs.

All concurred; Smith, P. J., in result.

Decree reversed, with costs, and proceedings dismissed, with costs; such costs to be paid by the petitioner personally.

---

Charles W. Bostwick, as Receiver of the Albany and Hudson Railway and Power Company, Appellant, v. Alden M. Young and Others, Respondents.

Third Department, March 28, 1907.

Corporation — contract to pay for railroad construction in bonds and stocks — such contract not stock subscription — pleading — when complaint of receiver insufficient — when receiver estopped by action of corporation.

A contract by a railroad to pay a contractor in bonds and full-paid non-assessable stock of the corporation for his work, labor and materials in constructing and equipping the road is not a stock subscription by the contractor, which makes him liable for the par value of the stock. Such contract is not a purchase of the stock and bonds to be paid for in work and property, but is a contract to accept full-paid stock and bonds as payment for the building of the road.